**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,
Plaintiff,
v.
Scott Meakin,
Defendant.

**No. CR-14-01560-TUC-RM (EJM)**

**REPORT AND RECOMMENDATION**

Pending before the Court is a Petition to Revoke the defendant's Supervised Release. (Doc. 58.) The petition alleges two violations: (1) knowingly accessing and viewing images of child pornography; and (2) use of a Google email account that was not registered as required under the Sex Offender Registration and Notification act.

As discussed below, the Court finds that the government has proven by a preponderance of the evidence that the defendant used the unregistered Google email account in violation of the conditions of his supervised release. Accordingly, it is recommended that the District Court revoke the defendant's supervised release.

## I. FACTUAL BACKGROUND

On May 19, 2016, the defendant was sentenced on a felony child pornography offense to 24 months in custody and a 25-year term of supervised release. (Doc. 58.) The defendant's term of supervised release began on May 23, 2017. (*Id.*)

A supervised release violation petition was filed on April 22, 2026, which alleged the violations set forth above. Prior to the evidentiary hearing held on July 24, 2026, the Court granted the government's motion to dismiss the first allegation. Two witnesses

testified at the evidentiary hearing: United States Probation Officer Deborah Valenzuela and Pima County Sheriff's Detective Scott Anders. Their testimony is set forth below.

***A. U.S. Probation Officer Deborah Valenzuela***

Officer Valenzuela has been employed as a U.S. Probation Officer in the District of Arizona for twenty-three (23) years. (Hr'g Tr. 7/24/26 at 4, Doc. 74.) The defendant was originally supervised by another U.S. Probation Officer. (*Id*. at 6.) In approximately April 2023, supervision of the defendant was transferred to Officer Valenzuela. (*Id*.)

The Judgment of Conviction provided that the defendant was to abide by mandatory and standard conditions of supervised release, as well as certain special conditions. (Hr'g Tr. 7/24/26 at 7, Doc. 74; Gov. Ex. 1.) Those conditions are set forth in the Judgment of Conviction. (Gov. Exs. 1 and 2.) Both the original probation officer and Officer Valenzuela reviewed the conditions of supervised release with the defendant. (Hr'g Tr. 7/24/26 at 7, 9, Doc. 74; Gov. Ex. 3.)

Mandatory Condition 5 provides that the defendant "must comply with the requirements of the Sex Offender Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense." (Gov. Ex. 2). This condition required the defendant to register his email address(es), update the registration if there was a change to his email address(es), and advise Officer Valenzuela if there was a change to his email address(es). (Hr'g Tr. 7/24/26 at 9, Doc. 74.) On April 27, 2023, the defendant signed a document titled: "United States Probation System Offender Notice and Acknowledgment of Duty to Register as a Sex Offender." (Gov. Ex. 3.)

The defendant was required to update his Sex Offender Registration annually, including changes to his email address(es). (Hr'g Tr. 7/24/26 at 10, Doc. 74.) For his 2025 annual registration (dated December 2, 2025), he listed two email addresses: SCOTTMEAKIN@YAHOO.COM and SMEAKIN@PATIOPOOLSAZ.COM. (Gov. Ex. 7; Hr'g Tr. 7/24/26 at 11, Doc. 74.) His listed residence was 7558 W. Siesta Rock Dr., and

his listed place of employment was Patio Pools, located at 7960 E. 22nd Street. (Gov. Ex. 7.). Officer Valenzuela occasionally communicated with the defendant using the yahoo email address. (Hr'g Tr. 7/24/26 at 11, Doc. 74.)

The defendant provided Officer Valenzuela with his 2025 annual registration form after he updated his registration. (*Id*. at 14.) The 2025 registration provided to Officer Valenzuela only listed the two email addresses referenced above. The defendant never advised Officer Valenzuela that he was using a Google email address. (*Id.* at 11.) He never asked questions about "what his responsibilities were in terms of reporting any new email addresses[.]" (*Id*. at 12.)

***B. Detective Scott Anders***

Detective Anders has been employed by the Pima County Sheriff's department for 25 years. (*Id*. at 17.) He has been "a detective within the Internet Crimes Against Children" since 2016. (*Id*.)

In February 2026, Detective Anders received a CyberTipline report that was generated by the National Center for Missing and Exploited Children. (Hr'g Tr. 7/24/26 at 19, Doc. 74; Gov. Ex. 4). The report was generated as a result of a communication from Google about suspected child sexual abuse material accessed using certain IP addresses. (Hr'g Tr. 7/24/26 at 19, Doc. 74.) Based on the information in the report, Detective Anders opened an investigation into the email address "thirsthunt69@gmail.com" (*Id*. at 20.) Detective Anders obtained state grand jury subpoenas directed at Cox and Comcast for subscriber information related to the IP addresses provided by Google. (Hr'g Tr. 7/24/26 at 20-21, Doc. 74; Gov. Exs. 5 & 6.)

Comcast provided records which showed that the subscriber for one of the IP addresses associated with the unregistered email account was "Mr. Scott Meakin at the address of Siesta Rock." (Hr'g Tr. 7/24/26 at 22, Doc. 74; Gov. Ex. 5.) The Siesta Rock address documented in the Comcast records is the same address listed on the defendant's 2025 annual Sex Offender Registration. (Hr'g Tr. 7/24/26 at 22, Doc. 74.) In Detective Anders' experience, this information reflects that "whoever logged into that email address

is associated to the Siesta Rock address." (*Id.* at 22-23.)

Cox provided records which showed that Patio Pools, located on E. 22nd Street, was the account holder of the other IP address associated with the unregistered email account. (Hr'g Tr. 7/24/26 at 23, Doc. 74; Gov. Ex. 6.) The defendant listed his employer as Patio Pools with an address of E. 22nd Street on his 2025 annual Sex Offender Registration. (Hr'g Tr. 7/24/26 at 23, Doc. 74.) This information reflects that "whoever logged into that and owned that email address not only was at the Siesta Rock address, but also at the Patio Pools address as well." (*Id.* at 23-24.)[1]

## II. DISCUSSION

"[T]he government bears the burden to demonstrate that a defendant has violated a condition" of his supervision. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). "[T]he district court need only conclude that a preponderance of the evidence supports" revocation. *United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996). While the burden is only a preponderance of the evidence, and not beyond a reasonable doubt, to prove the violation there must still be credible evidence the releasee violated the terms of supervision. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). As discussed below, the Court finds that the government has met its burden.

For the following reasons, the Court concludes that the defendant was aware that a condition of supervised release was that he was required to register his email address(es) pursuant to the Sex Offender Registration and Notification Act and update his registration if there was a change to his email address(es). First, that condition was detailed in the Judgment of Conviction dated May 19, 2016. Second, on May 24, 2017, the defendant signed a document detailing the conditions of supervised release, including the registration requirement. That document also contains the signature of the probation officer who

---

[1] Detective Anders testified that the defendant's son occasionally stayed at the Siesta Rock address, but there was no information that the son had any connection to Patio Pools. (*Id.* at 23-24.)

reviewed the conditions with the defendant upon his release from custody. Third, Officer Valenzuela testified that she also reviewed the conditions of supervision with the defendant when she became the defendant's probation officer. Fourth, on April 27, 2023, the defendant acknowledged that he understood the registration condition by signing the United States Probation System Offender Notice and Acknowledgment of Duty to Register as a Sex Offender. Fifth, the defendant listed the Yahoo and Patio Pools email addresses on his 2025 annual registration which he provided to Officer Valenzuela. Finally, the defendant never had any questions for Officer Valenzuela about his duty to register his email address(es). Based on this evidence, the Court concludes that the government has proven by a preponderance of the evidence that the defendant was aware that his email accounts needed to be registered and the registration updated if he obtained a new email address.

The government has also established by a preponderance of the evidence that the defendant used the unregistered Google email address. The records from Comcast reflect that the subscriber for one of the IP addresses associated with the unregistered email address was the defendant. Moreover, the address reflected in the Comcast records for this IP address is the same address that the defendant listed on his 2025 annual Sex Offender Registration. Similarly, the records from Cox reflect that the subscriber for the other IP address is Patio Pools, located on E. 22nd Street. The defendant listed that Patio Pools as his employer at the address on 22nd Street on his 2025 Annual Sex Offender Registration. The defendant is the only person associated with both the Siesta Rock address and the Patio Pools address. For these reasons, the Court concludes that the defendant used the unregistered email address in violation of his conditions of supervised release.

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge revoke defendant's supervised release and a Disposition Hearing be scheduled.

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after

being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-14-01560-TUC-RM (EJM).**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 11th day of August, 2026.

Eric J. Markovich
United States Magistrate Judge